IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY JOYCE TADDEI,** <br> 522 Lincoln Street <br> Hazleton, Pennsylvania 18201, <br><br> *Plaintiff,* <br><br> vs. <br><br> **HAZLETON AREA SCHOOL DISTRICT** <br> 1515 West 23rd Street <br> Hazleton, Pennsylvania 18201, <br><br> **GERALDINE S. SHEPPERSON, Ph.D.** <br> Superintendent <br> Hazletown Area School District <br> 1515 West 23rd Street <br> Hazleton, Pennsylvania 18201, <br><br> *and,* <br><br> **PAUL A. NOBILE** <br> Director of Special Education <br> Hazletown Area School District <br> 1515 West 23rd Street <br> Hazleton, Pennsylvania 18201, <br><br> *Defendants.* | 3:CV 01-0329 <br><br> Civil Action <br><br> No. _____ |

# C O M P L A I N T

## Jurisdiction and Venue

1. This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1331, because this case raised federal questions under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871 as amended, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401, *et seq*.

2. This Court has supplemental jurisdiction of this case pursuant to 28 U.S.C. §1367, because the state law claims are so related to the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate pursuant to 28 U.S.C. §1391(a), as certain claims herein arose within this judicial district.

## The Parties

4. Plaintiff, Mary Joyce Taddei, is a resident of Luzerne County, Pennsylvania, and formerly a special education teacher employed of the Hazleton Area School District.

5. Defendant Hazleton Area School District a local governmental agency pursuant to the provisions of the Pennsylvania School Code of 1949, 24 P.S. §21-2101, *et seq*. Hazletown Area School District is the local educational agency ("LEA") responsible for implementing Individualized Education Plans ("IEP") for eligible children with disabilities pursuant to the IDEA and 22 Pa. Code §14.01, *et seq*.

6.  Defendant Geraldine S. Shepperson, Ph.D., is the superintendent of schools in the Hazleton Area School District. Dr. Shepperson is being sued in her official capacity.

7.  Defendant Paul A. Nobile is the director of special education services at the Hazleton Area School District. Mr. Nobile is being sued in his official capacity.

## The Facts

8.  During the 1998-99 school year, plaintiff Taddei was assigned by defendants to teach a class of multi-handicapped children. Previously, plaintiff Taddei taught classes of children with learning disabilities. No specialized training was provided for plaintiff Taddei relating to the education and care of multi-handicapped children.

9.  On or about November 10, 1998, plaintiff complained to defendant Nobile, in his capacity as special education director, that certain children in her class were not being provided a free appropriate public education pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq.*

10. Defendant Nobile then directed plaintiff Taddei to draft and implement a behavior plan for one of her students, "child K.", without the benefit of any training or instruction relating to behavior plans. IDEA regulations require that a behavior plan be drafted as part of a team process that was not followed by the defendant school district in this instance, or in relation the development of behavior plans for the other children assigned to plaintiff classroom during the 1998-99 school year.

11. At all times during the 1998-99 school year, defendants failed to provide plaintiff Taddei with any specialized training and/or resources so as to ensure the provision of a free appropriate public education pursuant to the IDEA for each of the children in her class.

12. On or about May 19, 1999, plaintiff Taddei was attacked by "child K." who bit her on the forearm causing plaintiff serious bodily injury.

13. In a swift and involuntarily reflexive reaction, plaintiff grabbed "child K." by the hair in an effort to remove the child's clinched jaw from plaintiff's forearm. The plaintiff's reaction to the intense and severe pain inflicted by the child was witnessed by the school principal, who happened to be walking past the classroom. Thereafter, the principal initiated action resulting in plaintiff Taddei's termination from her job as a teacher.

14. Plaintiff Taddei grieved her termination. Ultimately, an Arbitration Hearing was held denying the grievance.

### First Cause of Action
### Failure to provide a free appropriate public education
### Violations of the Individuals with Disabilities Education Act
### 20 U.S.C. §1400, *et seq.*

15. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

16. Defendants' actions against plaintiff Taddei were taken in retaliation for plaintiff complaining to her supervisor that the children in her class were not receiving a free appropriate public education pursuant to the IDEA, 20 U.S.C. §1400, *et seq.*

17. Defendants actions against plaintiff Taddei were violative of the IDEA, 20 U.S.C. §1400, *et seq.*, because the actions against Taddei were taken by the defendants for the sole purpose of violating the rights of certain special education students in plaintiff's Taddei's class relating to the provision of a free appropriate public education.

## Second Cause of Action
### Violations of Section 504, Rehabilitation Act of 1973
### 29 U.S.C. §794

18. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

19. Defendants are recipients of federal financial assistance from the United States Department of Education.

20. Defendants discriminated against plaintiff in violation of 29 U.S.C. §794 and 34 C.F.R. §104.4 for terminating her employment in retaliation for her complaining about discrimination by the defendant school district against the children assigned to plaintiff Taddei's classroom..

## Third Cause of Action
### Violations of Americans with Disabilities Act
### 42 U.S.C. §12101, et seq.

21. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

22. Defendants are public entities as defined by 42 U.S.C. §12131(1).

23. Defendants discriminated against plaintiff by reason of the disability of the children assigned to plaintiff Taddei's classroom, in an effort to exclude the children from participation in and denied the benefits of the services, programs, and activities of the defendant public agencies.

## Fourth Cause of Action
### Civil Rights Act of 1871, as amended
### 42 U.S.C. §1983

24. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

25. Defendants are "persons" as defined by 42 U.S.C. §1983.

26. Defendants are each state actors pursuant to 42 U.S.C. §1983 and acted under the color of state law, regulations, policies, and procedures to deprive plaintiff of her rights under the under the Fourteenth Amendment to the United States Constitution; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1401, *et seq.*

27. Acting under the color of law, by and through a policy, custom, or practice, defendants intentionally, knowingly, recklessly, or with deliberate indifference to the rights of plaintiff and the children assigned to plaintiff's classroom during the 1998-99 school year, failed to instruct, train, supervise, and control, on a continuing basis, plaintiff and other teachers and para-professionals, thus depriving said children of their constitutional and statutory rights, privileges, and immunities.

28. Acting under the color of law, by and through a policy, custom, or practice, defendants intentionally, knowingly, recklessly, or with deliberate indifference to the rights of plaintiff teacher and the children assigned to her class during the 1998-99 school year who were entitled to a FAPE pursuant to the IDEA, and have failed to implement the IDEA as documented in the Compliance Monitoring Report of the Office of Special Education Programs at the U.S. Department of Education.

29. Defendants had knowledge of or, had it diligently exercised its duties to instruct, train, supervise, and control on a continuing basis, should have had knowledge that the wrongs were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendants had the power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the plaintiff teacher and the children assigned to her classroom during the 1998-99 school, failed or refused to do so.

30. Defendants' conduct demonstrates a reckless and callous attitude toward the federally protected rights of the plaintiff and the aforementioned children as enumerated herein.

31. Plaintiff has been injured by defendants' actions and inactions.

### Fifth Cause of Action
**Appeal from the Arbitration Award**

32. Plaintiff incorporates by reference all preceding paragraphs, as fully as if set forth herein at length.

33. Plaintiff hereby appeals from the Arbitration decision denying her grievance.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests monetary damages in an amount to be determined at trial, reinstatement to her teaching position at the Hazleton Area School District with an award of all back pay and related benefits together with interest thereupon, and any such other legal and equitable relief as the Court may deem just and proper.

### Jury Demand

Plaintiff hereby respectfully requests a trial by jury on all appropriate claims herein.

Respectfully Submitted,

**STINSON LAW ASSOCIATES, P.C.**

By: _____
Philip Matthew Stinson, Sr., Esq.
Drew Christian, Esq.

17 Weirwood Road
P.O. Box 1340
Bryn Mawr, Pennsylvania 19010-7340
(610) 688-7300

*Attorneys for Plaintiff*